UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LUKE BILLIU** | **CIVIL ACTION NO: 21-CV-1656** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **SEA SUPPORT SERVICES, LLC, ET AL.** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## ORDER AND REASONS

On September 8, 2020, Plaintiff Luke Billiu ("Plaintiff"), while working as a pipeliner, was allegedly injured as he was helping transfer Dalton Billiot ("Mr. Billiot"), another pipeliner, from a fixed platform onto the M/V Melinda B. Adams. R. Doc. 25 at ¶ 10. Following the accident, Plaintiff filed suit against a number of defendants, including Sea Support Services, LLC ("Sea Support") as the owner of the M/V Melinda B. Adams, Pipeline Construction & Maintenance, Inc. ("Pipeline Construction") as Mr. Billiot's employer, and Captain Timothy Bruce ("Captain Bruce") and Captain Travis Eymard ("Captain Eymard") as captains of the M/V Melinda B. Adams. *Id.* at ¶¶ 8, 9.

Throughout the pendency of this case, the parties filed a number of motions, as well as accompanying motions requesting to seal certain exhibits attached to their underlying motions. Specifically, Sea Support, Captain Bruce, and Captain Eymard (collectively, the "Vessel Defendants") filed a motion to seal (Record Document 46) an exhibit attached to their pending motion in limine (Record Document 46); Plaintiff filed a motion to seal (Record Document 55) an exhibit attached to his pending motion for summary judgment (Record Document 52); and Pipeline Construction filed a motion to seal (Record Document 67) exhibits attached to its opposition (Record Document 66) to Plaintiff's motion for summary judgment. The three motions to seal,

despite concerning different materials, are virtually identical.  The Court will therefore consider them together.

In their motions, the parties note there is a Protective Order governing the materials that they seek to seal.  R. Docs. 46-1 at 2, 55-1 at 2, and 67-1 at 2.  The Protective Order reads:

> A party who intends to present or who anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion without disclosing the substance of the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial. A party who seeks to file Confidential Information with the Court as part of a pleading or exhibit shall file such Confidential Information under seal, in accordance with the applicable rules and procedures of the Court.

*Id.* (all quoting R. Doc. 19 at ¶ 7).  The parties explain that they are "not expressing a position on whether the [exhibits at issue] should be filed under seal," and that they are merely "bringing it to the Court's attention for an order 'to govern the use of such documents or information at a hearing or trial'" in compliance with the Protective Order.  R. Docs. 46-1 at 3, 55-1 at 4, and 67-1 at 2-3 (all quoting R. Doc. 19 at ¶ 7).

"Judicial records belong to the American people; they are public, not private, documents." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)) (internal quotations omitted).  "And the public's right of access to judicial records is a fundamental element of the rule of law." *Id.* (internal quotations and citations omitted).  For this reason, "a judge cannot seal public documents merely because a party seeks to add them to the judicial record." *Id.* at 520.  The parties correctly point out that the materials at issue in their motions are governed by a Protective Order.  However, "[d]ifferent legal standards govern protective orders and sealing orders." *Id.* at 521.  Protective orders apply to documents produced at the *discovery* stage and require only that the district court find "good cause." *Id.* (citing *Le*, 990 F.3d at 419).  "But at the *adjudicative* stage, when materials

2

enter the court record, the standard for shielding records from public view is far more arduous." *Id.* (quoting *Le*, 990 F.3d at 419) (internal quotations omitted). To justify sealing materials, the Fifth Circuit instructs that the district "court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (quoting *Le*, 990 F.3d at 420).

After careful review of all relevant materials, the Court does not find that there is a sufficient basis to seal the exhibits. The Protective Order does not enter into the Court's analysis. "Indeed, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record." *Id.* (citing *Le*, 990 F.3d at 420). And while the Court does not read the parties to argue or suggest that the relevant exhibits constitute competitive information, business plans, or business strategies amounting to trade secrets, to the extent that this is the parties' position, the Court disagrees. *See Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co.*, No. 18-CV-399, 2023 WL 3862033, at \*2 (E.D. La. June 7, 2023) (collecting cases for the proposition that courts allow confidential business information to be sealed). The Vessel Defendants seek to seal an excerpt from the deposition of William Tieken, Plaintiff's direct supervisor. R. Doc. 46-2. In his deposition, Mr. Tieken explains Sea Support's framework for issuing promotions, comments on Plaintiff's job performance, and discusses whether Plaintiff was being considered for any promotions before he was injured. *See* R. Docs. 46-2 and 55-3. Plaintiff, in turn, seeks to seal three exhibits, including additional deposition testimony by Mr. Tieken discussing Plaintiff's duties as a pipeliner; an affidavit by Naomi Manno, in which Ms. Manno discusses Plaintiff's hourly wage and benefits; and a video of the accident that allegedly caused Plaintiff's injuries. R. Docs. 55-3, 55-5, and 55-

3

4.[1]  Finally, Pipeline Construction asks to seal two exhibits, the first being an excerpt from Mr. Tieken's deposition in which he discusses Plaintiff's knowledge of safety precautions aboard vessels, and the second being a document concerning safety processes to be employed aboard vessels. R. Docs. 67-4 and 67-5.  The parties do not explain, nor does the Court see, how disclosure of the aforementioned materials could cause commercial harm to any of the parties involved.  Nor do the parties offer an additional basis for sealing these exhibits.  The parties have not demonstrated that the public's right of access comes second to nondisclosure.  Accordingly,

**IT IS ORDERED** that the motions to seal filed by the Vessel Defendants, Plaintiff, and Pipeline Construction (Record Documents 46, 55, and 67) are **DENIED**.

**IT IS FURTHER ORDERED** that "Exhibit E" (Record Document 46-2) be filed, publicly, as an exhibit to the Vessel Defendants' Motion in Limine to Exclude Testimony and Evidence of Speculative Earnings (Record Document 45).

**IT IS FURTHER ORDERED** that "Exhibit 3–Declaration of Naomi Manno" (Record Document 55-5), "Exhibit 11, Video of PCM crew transferring" (Record Document 55-4), and "Exhibit 4–Excerpts of the deposition of William Tieken" (Record Document 55-3) be filed, publicly, as exhibits to Plaintiff's Motion for Summary Judgment (Record Document 52).

**IT IS FURTHER ORDERED** that "Exhibit B–Tieken Excerpts" (Record Document 67-4) and "Exhibit C–ET 409" (Record Document 67-5) be filed, publicly, as exhibits to Pipeline Construction's Opposition to Plaintiff's Motion for Partial Summary Judgment (Record Document 66).

New Orleans, Louisiana, this 21st day of February 2024.

---

[1] In his motion, Plaintiff states that he seeks to seal a fourth exhibit labeled "Exhibit 2–Excerpts from the Deposition of William Tieken," but there is no such exhibit attached to Plaintiff's motion.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**