## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LUKE BILLIU**                                          **CIVIL ACTION**

**VERSUS**                                              **NO. 21-1656**

**SEA SUPPORT SERVICES, L.L.C., ET AL.**     **SECTION: "P" (1)**

### ORDER & REASONS

Before the Court is Defendant's, Talisman Casualty Insurance Company ("Talisman"), Motion to Continue Trial.[1]  For the reasons set forth below, Talisman's motion is **GRANTED**.

### BACKGROUND

Plaintiff Luke Billiu brought the instant action on September 2, 2021, against REC Marine Logistics, L.L.C. ("REC") and Pipeline Construction & Maintenance, Inc. ("PCM"), related to injuries Billiu allegedly suffered aboard the vessel M/V MELINDA B. ADAMS.[2]  Plaintiff alleges that, while helping a PCM employee transfer from an offshore platform to the vessel, he was injured due to the negligence of both the vessel's operators and the PCM employee.[3]  On September 23, 2021, Billiu filed an amended complaint substituting Sea Support Services, L.L.C. as a defendant in place of REC—*i.e.*, as the owner or operator of the vessel.[4]  On August 23, 2022, Billiu filed a second amended complaint, this time adding the two captains of the vessel as defendants.[5]  Through these amended complaints, PCM remained a defendant in the action.

---

[1] R. Doc. 117.
[2] R. Doc. 1.
[3] R. Doc. 1 ¶ VIII.
[4] R. Doc. 8.
[5] R. Doc. 25.

Trial was first set for December 19, 2022, but was continued to accommodate Billiu's recovery from surgery.[6]  A second trial date, June 5, 2023, was also continued as Billiu continued to recover.[7]  Trial was continued from the third trial date, December 4, 2023, due to conflicts on the Court's calendar.[8]  Discovery closed on October 17, 2023,[9] and, since the November 12, 2023 Scheduling Order, the fourth trial date has been set for September 23, 2024.[10]

On June 12, 2024, Billiu's third amended complaint named Talisman, PCM's insurer, as a defendant in this action.[11]  Talisman now urges the Court to continue trial because it did not have the opportunity to conduct discovery or submit pre-trial motions.[12]  Billiu, on the other hand, argues that a continuance is unwarranted because Talisman has been aware of this action for at least a year and because Billiu would be substantially prejudiced by any further delay.[13]

## ANALYSIS

A trial court has broad discretion to rule on motions to continue trial.[14]  Among the factors a court considers in this fact-specific analysis are: (1) the amount of time available; (2) the moving party's culpability in shortening the time needed; (3) the likelihood of prejudice to the moving party from a denial of the motion; (4) the facts of the case; (5) the complexity of the case; and (6) the demands on counsel and the court.[15]

Talisman filed the instant motion on August 22, 2024, 32 days before trial is set to begin on September 23, 2024.[16]  Billiu points to a handful of cases in which courts found that a similar

---

[6] R. Doc. 21-1.
[7] R. Doc. 41-1.
[8] R. Doc. 80.
[9] R. Doc. 43.
[10] R. Doc. 82.
[11] R. Doc. 88.
[12] R. Doc. 117-1 at 3.
[13] R. Doc. 120 at 2.
[14] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).
[15] *O'Neal v. Cargill, Inc.*, CIVIL ACTION NO. 15-7183, 2016 WL 7407177, at *1 (E.D. La. Dec. 22, 2016).
[16] R. Doc. 117; R. Doc. 82.

amount of time was sufficient for recently-enrolled counsel to prepare for trial.[17]   However, as Talisman notes, in most (if not all) of those cases, the parties themselves had been involved in the relevant action for a longer period of time, represented by prior counsel.[18]   Thus, this factor does not weigh in favor of either party in the present case.

As to the second factor, Billiu argues Talisman is responsible for its truncated timeline to prepare for trial because Talisman neglected its rights and its duty to prepare when it has known about this case for at least a year.[19]   But Billiu cannot disclaim responsibility for Talisman's late request when Billiu did not name Talisman as a defendant until more than six months after discovery closed on October 17, 2023.[20]   Billiu also apparently failed to properly serve Talisman for at least two months thereafter.[21]   The Court finds that this factor weighs in favor of continuance in this particular case.

On the third factor, Talisman professes that it would suffer significant prejudice if this case proceeds to trial because its counsel is unfamiliar with the evidence produced in discovery and had no opportunity to conduct discovery or motion practice of its own.[22]   Talisman also argues it should be dismissed from this action (at least temporarily) based on a recent amendment to the Louisiana Direct Action Statute, a right it argues it could not claw back after trial.[23]   Meanwhile, Billiu

---

[17] *See, e.g.*, *Streber*, 221 F.3d at 736-37 (affirming denial of motion to continue trial despite new counsel for defendants enrolling 39 days before trial); *U.S. v. Akins*, 746 F.3d 590, 608-09 (5th Cir. 2014) (affirming denial of motion to continue trial despite new counsel for defendant appointed 46 days before trial); *U.S. v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007) (affirming denial of motion to continue trial despite new counsel for defendant appointed 10 days before trial).

[18] *See, e.g., Streber*, 221 F.3d at 736-37 (noting that the conflict of interest among defendants that spurred enrollment of new counsel "was not unpredictable"); *United States v. Sarabia*, No. 20-50438, 2021 WL 3775210, at *2 (5th Cir. Aug. 25, 2021) (noting that "the amount of time available to prepare [defendant's] defense cannot be calculated from when [defendant] began representing himself"); *Lewis*, 476 F.3d at 387 (noting that newly-appointed counsel benefitted from arguments made by counsel for nine other co-defendants).

[19] R. Doc. 120 at 5-6.

[20] R. Docs. 43, 88.

[21] R. Doc. 117-1 at 2-3.

[22] R. Doc. 117-1 at 3.

[23] 2024 La. Sess. Law Serv. 275.

provides no explanation for waiting to name Talisman as a defendant in this action until more than six months after the close of discovery.  Thus, this factor also weighs in favor of continuance.

Though the facts of this case are not especially complex and, in a recent status conference, both Billiu and Sea Support Services acknowledged the same,[24] Talisman's entrance presents additional legal complexities.[25]  The parties may be best served by the Court resolving these issues before proceeding to trial, weighing in favor of continuance.

Finally, the Court is sympathetic to the harm Billiu may suffer from a fourth continuance of trial, both in terms of the money spent to prepare for trial as well as the further delay of his claims.  Nevertheless, proceeding to trial under these particular circumstances could irreparably harm Talisman.  Therefore, the final factor weighs in favor of continuance.

CONCLUSION

For the reasons set forth above, Talisman's Motion to Continue Trial[26] is hereby **GRANTED**.  The pretrial conference set for September 11, 2024 and the trial set for September 23, 2024, are hereby **CONTINUED**.  The Court's Case Manager will set a scheduling conference with the parties to select new dates for the trial and pretrial conference.

The Court emphasizes that this Order does not reopen discovery or otherwise alter any deadline that has already passed.  Should any party seek to revive any expired deadline, they may submit an appropriate motion to this Court.

New Orleans, Louisiana, this 30th day of August 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 110.
[25] R. Doc. 122 at 4-7 (discussing choice of law issues), 7-9 (discussing the potential applicability of recent amendments to the Louisiana Direct Action Statute).
[26] R. Doc. 117.